IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

**MEIKO MARTIN,**

            Plaintiff,

  v.

**MOBILE COUNTY SHERIFF
PAUL BURCH, Individually,**

           Defendant.

CIVIL ACTION No.: 24-442

TRIAL BY JURY REQUESTED

## COMPLAINT

Comes now the Plaintiff Meiko Martin ("Plaintiff"), and files this Complaint against Defendant Sheriff Paul Burch ("Defendant"), and alleges as follows:

### INTRODUCTORY AND JURISDICTIONAL STATEMENT

1. This is an action for damages and equitable relief, arising under 11 U.S.C. § 525(b) prohibiting discrimination against individuals who have been debtors under the United States Bankruptcy Code, Equal Protection clause of the 14th Amendment to the United States Constitution prohibiting discrimination based on race, and pursuant to 42 U.S.C. § 1981, as amended, prohibiting discrimination based on race in the making and enforcing of employment contracts.

1

2. This Court has federal-question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 (3) and (4), as this action seeks redress for the violations of Plaintiff's constitutional and civil rights.

3. Plaintiffs' claims for declaratory relief are authorized by 28 U.S.§§ 2201 and 2202 and Rule 57 of the *Federal Rules of Civil Procedure.*

4. Venue is proper in the United States District Court for the Southern District of Alabama, pursuant to 28 U.S.C. § 1391(b)(2), in that this is the judicial district wherein the Plaintiff resides and where all adverse actions against the Plaintiff occurred.

5. Plaintiff demands a trial by jury on each and every one of her claims.

## II.  PARTIES

6. Plaintiff, Meiko Martin, is a citizen of the United States and was at all times relevant to this matter a resident of Mobile County, Alabama.

7. Defendant Mobile County Sheriff's Department is a law enforcement agency with its principal place of business in Mobile County, Alabama.

8. Defendant, Sheriff Paul Burch, heads the Mobile County Sheriff's Department, is believed to be a resident and citizen of Mobile County, Alabama and is sued in his individual capacity.

2

## III.  STATEMENT OF FACTS

9. Plaintiff was employed by Defendants as a "fiscal services manager" from January 2022, until her wrongful termination on or about July 23, 2023.

10. In or around June 2019, prior to her employment with Defendants, Plaintiff had filed for bankruptcy under Chapter 13 of the United States Bankruptcy Code.

11. Plaintiff's bankruptcy history had been disclosed to Defendant when she was initially hired by then-Mobile County Sheriff Sam Cochran.

12. Following Cochran's retirement, however, incoming sheriff Paul Burch told Plaintiff "not to get too comfortable" in her job as fiscal services manager.

13. On or around April 20, 2023, Defendants provided Plaintiff a letter stating that the reason for her termination was that she had previously filed bankruptcy and had unpaid debts.

14. Plaintiff's direct supervisor, Director of Finance Erica Adams, had also previously filed bankruptcy, but has not had her employment terminated by Defendant.

15. Erica Adams is a White woman; Plaintiff is a Black woman.

16. On information and belief, Plaintiff avers that Defendants discriminated against her because of her race and because she previously filed for bankruptcy. No valid reason exists for Plaintiff's termination as Plaintiff's performance reviews

3

while serving as "fiscal services manager" had been consistently positive prior to her dismissal.

## FIRST CAUSE OFACTION

### 11 U.S.C. § 525(b) – Bankruptcy Discrimination

17. Plaintiff incorporates by reference the allegations set forth in the foregoing paragraphs 1-16 as if fully set forth herein.

18. Defendants terminated the employment of Plaintiff based on knowledge of her previous bankruptcy filing.

19. Defendants' actions violate 11 U.S.C. § 525(b), which prohibits discrimination with respect to employment against an individual who is or has been a debtor under the United States Bankruptcy Code.

## SECOND CAUSE OF ACTION

### Discrimination in Violation of the
### Equal Protection Clause of 14th Amendment

20. Plaintiff incorporates by reference the allegations set forth in the foregoing paragraphs 1-16 as if fully set forth herein.

21 Because of the actions as outlined above, Defendants have engaged in unlawful discrimination against Plaintiff on the basis of her race in violation of the 14th Amendment to the United States Constitution by terminating her employment while declining to terminate a White employee who had also filed for bankruptcy

4

protection.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

(a)  A declaratory judgment that the Defendant has discriminated against Plaintiff on the basis of her having previously filed for bankruptcy protection in violation of 11 U.S.C. § 525(b);

(b) A declaratory judgment that the Defendant has violated the Equal Protection Clause of the 14th Amendment to the U.S. Constitution;

(c)  Award Plaintiff backpay and all benefits she was entitled to prior to her unlawful termination;

(c)   Award Plaintiff the sum of $300,000.00 as compensatory damages;

(d)  Award Plaintiff her costs and expenses incurred in bringing this action, including reasonable attorney's fees, and any other relief deemed just and proper.

**TRIAL BY JURY REQUESTED**.

Respectfully Submitted,

*/s/ Ronnie L. Williams*
Williams & Associates, LLC
Attorneys for Plaintiff Meiko Martin
814 St. Francis Street
Mobile, Alabama 36602
(251) 432-6985 (Tel.)
ron@williams-llc.com

5